UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRON YOST, | CASE NO. 1:11-cv-00439-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| W. HAMMER, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Arron Yost ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 16, 2011 and consented to Magistrate Judge jurisdiction on April 8, 2011. (ECF Nos. 1 & 4.) No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening. For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

1

## II. **SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. **SUMMARY OF COMPLAINT**

Plaintiff brings this action for violations of due process and equal protection, among other things. Plaintiff names the following individuals as Defendants: Lieutenant W. Hammer, Captain B. Teesdale, B.A. Sparks, J. Nichols, L. Lazono, S. Williams,

2

Maldonado, Jackson, J. Escutia, Lieutenant M. R. Phillips, G. Garcia, T. Billings, D. Pear, D. Ortiz, L. Racca, J. Ostrander, and Does 1 through 100.  All Defendants were employed at Kern Valley State Prison at the time of the events.

Plaintiff alleges as follows: Plaintiff did not get along with his cellmate.  A weapon was found in their cell.  Plaintiff had a hearing and was not allowed to present evidence or call witnesses by Defendant Hammer.

Plaintiff seeks damages.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Due Process

Plaintiff argues that his right to due process was violated by Defendant Hammer when Hammer refused to allow Plaintiff to present evidence or call witnesses during a disciplinary hearing.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence

of a liberty interest for which the protection is sought.  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  "States may under certain circumstances create liberty interests which are protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff, 418 U.S. at 556.  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994).

"When prison officials limit a prisoner's right to defend himself they must have a legitimate penological interest."  Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (concluding that prisoners do not have a right to have an independent drug test performed at their own expense).  The right to call witnesses may legitimately be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very

4

real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." Ponte v. Real, 471 U.S. 491, 495 (1985); see also Mitchell v. Dupnik, 75 F.3d 517, 525 (9th Cir. 1996); Koenig, 971 F.2d at 423; Zimmerlee v. Keeney, 831 F.2d 183, 187-88 (9th Cir. 1987) (per curiam).

"[T]he requirements of due process are satisfied if 'some evidence' supports the decision of the hearing officer or the prison disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455 (1985); see also Touissaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1991); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989); Jancsek, III v. Oregon bd. Of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987); see especially Burnsworth v. Gunderson, 179 F.3d 771, 774-74 (9th Cir. 1999) (where there is no evidence of guilt it may be unnecessary to demonstrate existence of liberty interest.). This standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached . . . ." Hill, 472 U.S. at 455-56.

As currently pleaded, it appears that Plaintiff might be able to state a due process claim in relation to the hearing he received. Plaintiff states that he was not allowed to call witnesses nor was he allowed to present his side of the case. However, he does not describe the hearing in sufficient detail for the Court to make a determination.

Plaintiff will be given one additional opportunity to amend his complaint. In his amended complaint, Plaintiff must describe in greater detail his claim including, but not limited to, any notice he received about the hearing, whether he was afforded the opportunity to state his views or have witnesses, why the hearing was held, the outcome of the hearing, the consequences of the hearing, etc.

## B. Equal Protection

Plaintiff repeatedly states that his right to equal protection was violated by Defendants.

Under the Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. F.S. Royster Guano Co. v. Virginia, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." Tigner v. Texas, 310 U.S. 141, 147 (1940).

Equal protection claims alleging disparate treatment or classifications are subject to a heightened standard of scrutiny when they involve a "suspect" or "quasi-suspect" class, such as race or national origin, or when they involve a burden on the exercise of fundamental personal rights protected by the Constitution. See, e.g., City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 440 (1985). The heightened standard of strict scrutiny requires the State to show that the classification is narrowly tailored to serve a compelling government interest. Grutter v. Bollinger, 539 U.S. 306, 326 (2003).

Where the inmate is not a member of a protected class, an equal protection claim is subject to the rational basis test. See McGinnis v. Royster, 410 U.S. 263, 270 (1973) (applying rational basis test where state law denied certain state prisoners good-time credit toward parole eligibility for the period of their presentence county jail incarceration, whereas those released on bail prior to sentence received good-time credit for the entire period of their prison confinement). Under a rational basis inquiry, in order to prevail on an equal protection claim, Plaintiff must demonstrate that (1) he is similarly situated to others, (2) he is being treated worse than others to whom he is similarly situated, and (3)

there is no rational basis for the disparate treatment.  More v. Farrier, 984 F.2d 269, 271 (8th Cir. 1993).  Stated another way, prison officials need show only a rational basis for dissimilar treatment of other similarly-situated persons in order to defeat the merits of Plaintiff's claim.  Id., 984 F.2d at 271.

Plaintiff does not state that he is a member of a protected class.  Plaintiff also fails to demonstrate how he was being treated differently than other inmates.  Plaintiff also fails to attribute the unequal treatment to a named Defendant.  Thus, Plaintiff fails to state an equal protection claim.  The Court will give Plaintiff one opportunity to amend.  Plaintiff must keep in mind the above cited standard if he chooses to pursue this claim.

**C.    False Charges**

Plaintiff states that he was falsely charged by Defendants.  Not only does Plaintiff fail to state what he was charged with, he also fails to attribute the false charges to any named Defendant.  If Plaintiff intends to pursue such claim, he must keep the following standard in mind.

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest without due process of law."  Id.  Thus, as long as a prisoner receives proper procedural due process, a claim based on the falsity of disciplinary charges, standing alone, does not state a constitutional claim.  Id.; Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984).  Under the Due Process Clause, a prisoner is entitled to certain procedural protections when he is charged

7

with a disciplinary violation. Wolff v. McDonnell, 418 U.S. 539, 564-571 (1974). These protections include a written notice at least twenty-four hours before the disciplinary hearing, an opportunity to call witnesses and present documentary evidence, and a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken. Id.

Here, Plaintiff makes several references to false reports being filed by Defendants. This, however, does not state a due process claim. The Court will give Plaintiff one additional opportunity to amend such claim. Plaintiff would be well-served to concentrate his efforts on his other claims.

### D. **Access to Courts**

Plaintiff appears to be alleging that he was denied access to the courts by Defendants through their mishandling of his appeals. However, Plaintiff does not specify how his access to the courts was impeded nor does he state who impeded his access.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). Forward-looking claims allege "that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Christopher, 536 U.S. at 413. In these cases that have yet to be litigated, "the justification for recognizing that [forward-looking] claim, is to place the plaintiff in a position to pursue a separate claim for

relief once the frustrating condition has been removed." Id.  As part of the requirement to plead an injury, a plaintiff must allege that "a nonfrivolous legal claim had been frustrated or was being impeded." Lewis, 518 U.S. at 353; see also Christopher, 536 U.S. at 415. Simply stating that a claim is "nonfrivolous" due to the action of a government official will not satisfy the actual injury requirement.  Christopher, 536 U.S. at 415.  Rather, the nonfrivolous "underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Id. at 416.  The plaintiff must describe this "predicate claim . . . well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." Id.  The complaint should "state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a) just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-18; see Lewis, 518 U.S. at 353 n. 3 ("Depriving someone of an arguable (though not yet established) claim inflicts actual injury because it deprives him of something of value-arguable claims are settled, bought and sold.  Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Rule 11 sanctions.").

When a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing Christopher, 536 U.S. at 413-414, overruled on other grounds, Hust v. Phillips, 129 S.Ct. 1036 (2009)).

9

The Court has difficulty discerning which facts Plaintiff is alleging in support of his denial of access to the courts claim. Plaintiff states that his 602 grievances have been mishandled. Having reviewed the allegations in the Complaint, the Court finds that Plaintiff has failed to state a claim for denial of access to the courts. Plaintiff fails to describe in detail any action that he has been unable to pursue and also fails to show how such action would not be frivolous. Thus, the Court dismisses this claim and will grant Plaintiff leave to amend this claim.

### E. Inmate Appeal Process

Plaintiff appears to be arguing that Defendants did not process his appeals properly.

Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Because Plaintiff has neither a liberty interest nor a substantive right in inmate

10

appeals, Plaintiff fails to state a claim in this regard.  Because amendment of this claim would be futile, the Court advises Plaintiff that he would be well-served devoting his energy to pursuing his other claims.

### F.     State Law Violations

Plaintiff states that Defendants violated sections of the California Constitution.

"To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.  However, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III."  "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).

### G.     Personal Participation and Supervisory Liability

Plaintiff appears to be arguing that all named Defendants, except Hammer, are liable for the conduct of subordinates as Plaintiff fails to state that any of them were present or participated in the complained of conduct as described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.

11

Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to

inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).

Plaintiff only mentions Defendant Hammer in his statement of the case. In his amended complaint, Plaintiff needs to specifically link each Defendant to a violation of his rights. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies in this respect.

## V.     CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants, other than as requested by the Court. Plaintiff should focus the amended complaint on claims and defendants relating solely to issues arising out of the incidents discussed herein

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,

57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-00439-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   August 22, 2011                                   _____
                                                            UNITED STATES MAGISTRATE JUDGE