# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARRON YOST,<br><br>    Plaintiff,<br><br>    v.<br><br>W. HAMMER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-00439-GBC (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 10 |

### I. Procedural History, Screening Requirement, and Standard

On March 16, 2011, Plaintiff Arron Yost ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On August 22, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 9. On September 27, 2011, Plaintiff filed his first amended complaint. Doc. 10.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

//
//
//
//
//

## II. Allegations in Plaintiff's First Amended Complaint

In Plaintiff's first amended complaint, he names Lieutenant T. W. Hammer, Senior Hearing Officer; Does 1 through 20; K. Harrington, Warden; S. Nichols; B. A. Sparks, who were employed at Kern Valley State Prison ("KVSP"). Am. Compl. at 1-3, 5, 7, 10, Doc. 10.

Plaintiff alleges that prison guard Williams had knowledge of a dispute between Plaintiff and his cellmate, Inmate Nichols. *Id.* at 8. Inmate Nichols was having sex with other people in exchange for drug debts. *See id.* Prison guards failed or refused to follow protocols concerning weapons and cell searches. *Id.* Prison guards found an inmate manufactured weapon in the cell of Plaintiff and Inmate Nichols. *Id.* at 10. Inmate Nichols was not charged for the weapon found in their cell. *Id.* at 8. Plaintiff was not present when the weapon was found in their cell. *Id.* Defendants' actions are motived by evil motive and intent. *Id.* Defendants filed false charges against Plaintiff. *Id.* at 9. S. Nichols and B. A. Sparks filed a Rules Violation Report ("RVR") against Plaintiff for a violation of Cal. Code Regs. tit. 15, § 3006(a), possession of an inmate manufactured weapon. *Id.* at 10, 15.

On June 18, 2009, Lieutenant T. W. Hammer, Senior Hearing Officer ("SHO"), held a disciplinary hearing for the RVR. *Id.* at 10. Plaintiff was given timely notice to disciplinary proceedings. *Id.* SHO Lt. Hammer failed to meet evidentiary standards at the hearing. *Id.* at 11. Plaintiff was denied witnesses included prison guards S. Williams and Maldonado. *Id.* at 12-13. Plaintiff was denied Inmate Nichols' central file and mental health records. *Id.* at 13. If SHO Lt. Hammer had allowed Plaintiff's witnesses and Inmate Nichols' central file, Plaintiff could have proved that Inmate Nichols set up Plaintiff in order to get off the yard and avoid a large drug debt. *Id.* Lt. Hammer stated he could not locate prison guard S. Williams. *Id.* at 14. Plaintiff's assigned investigative employee, the prison guard J. Escutia, stated that Plaintiff's questions were deemed irrelevant by the SHO. *Id.* Plaintiff was found guilty of the RVR; assessed a 360 day good time credit forfeiture; received a ten month term in segregated housing unit ("SHU"); increased custody level; a loss of property, visitation, quarterly packages, and canteen. *Id.* at 10-11, 15-16. Plaintiff alleges a Fourteenth Amendment violation of due process. *Id.* at 16.

For relief, Plaintiff seeks expungement of Plaintiff's records and compensatory and punitive damages. *Id.* at 17.

### III. Legal Standard and Analysis for Plaintiff's Claims

### A. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under § 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

### B. False Reports

To the extent that Plaintiff attempts to allege a liberty interest regarding the submission of false reports against him, he fails to state a cognizable claim for relief. The Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986). However, "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon false reports.

### C. Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568

F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

### D. Fourteenth Amendment Due Process Deprivation of Liberty

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). To state a claim, Plaintiff must first identify the interest at stake. *Austin*, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. *Id.* The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, *id.* at 221-22, and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, *id.* at 222-23 (citing *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995)). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Austin*, 545 U.S. at 221 (citing *Sandin*, 515 U.S. at 484); *Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).

Plaintiff allegations arise out of the adjudication of the RVR hearing on June 18, 2009, finding Plaintiff guilty of possession of an inmate manufactured weapon.

As previously stated, the administrative review of Plaintiff's appeal grieving the violation of his rights relating the adjudication of his disciplinary charge provides no basis for liability. *Ramirez*, 334 F.3d at 860; *Mann*, 855 F.2d at 640.

Plaintiff's due process claims fail on two grounds. First, Plaintiff was assessed a credit forfeiture as a result of being found guilty of the charge. Am. Compl. at 10-11, 15-16. State prisoners cannot challenge the fact or duration of their confinement in a § 1983 action and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Known as the favorable termination rule, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies

the unlawfulness of the State's custody." *Dotson*, 544 U.S. at 81. Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82.

Plaintiff does not allege that he succeeded in overturning the guilty finding or that his credit loss was otherwise restored. If that is so, Plaintiff is barred from litigating in this action any claim which, if successful, would invalidate the disciplinary finding which led to the credit forfeiture. Within the purview of the favorable termination rule would be any due process challenge to the issuance of the RVR or to the disciplinary hearing, as a finding in Plaintiff's favor would necessarily invalidate the finding of guilt.

Second, even if Plaintiff's claim is not barred by the favorable termination rule because he did not ultimately lose time credits, his due process claim still fails. Plaintiff has not identified the existence of a protected liberty interest. Plaintiff has not alleged any facts supporting the existence of a liberty interest in remaining free from a SHU term, which precludes him from bringing a due process claim. *Wilkinson*, 545 U.S. at 221; *Sandin*, 515 U.S. at 484; *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997). Allegations of a ten month SHU term; increased custody level; loss of property, visitation, quarterly packages, and canteen do not implicate a protected interest, and the absence of an identifiable interest precludes the finding of a viable due process claim. *Austin*, 545 U.S. at 221.

Furthermore, Plaintiff has not shown that he was denied the minimal protections he was due under federal law. *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974); *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472. Although Plaintiff states he was falsely charged with the RVR, the Constitution requires only that there be "some evidence" to support the conviction and the standard is not stringent. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Here, Plaintiff's allegations that an inmate manufactured weapon was found in his cell indicate there was some *minimal* evidence supporting the finding of guilt, and Plaintiff's disagreement with hearing officer's weight and credibility assessments will not support a federal claim. *Id.* Accordingly, the Court finds that Plaintiff's challenge of the decision by the hearing

officer, finding Plaintiff guilty of the RVR for possession of an inmate manufactured weapon, fails to state a cognizable § 1983 due process claim.

### E. Fourteenth Amendment Due Process Deprivation of Property

The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff*, 418 U.S. at 556, and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such a remedy. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Here, Plaintiff fails to allege sufficient facts to indicate that the deprivation of his property was intentional and authorized, and thus fails to state a claim.

### F. Personal Participation and Doe Defendants

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. *Id.* at 1948–49.

Plaintiff fails to allege any facts personally linking the Doe Defendants to the alleged rights violations. There is no evidence that these Defendants personally participated in the events alleged in Plaintiff's Complaint. They cannot be held liable based solely upon a supervisory position. Plaintiff cannot proceed against these Defendants unless he truthfully alleges how each personally

violated, or knowingly directed a violation of his constitutional rights.

Moreover, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980).

### G. Expungement of Records from Plaintiff's Central File

The Ninth Circuit has not found that prisoners have an independent right, grounded in the Due Process Clause, to an accurate prison record. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318-19 (9th Cir. 1987); *see Johnson v. Rodriguez*, 110 F.3d 299, 308-09 & n.13 (5th Cir. 1997). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon expungement of records from his central file.

### IV. Conclusion

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in his claims and granted leave to amend, but he was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), the Court HEREBY ORDERS that this action be DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983.

IT IS SO ORDERED.

Dated:    May 4, 2012

UNITED STATES MAGISTRATE JUDGE